UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATTHEW KARELEFSKY,

                 Plaintiff,

     - against -

CYNTHANIA BRANN, PATSY YANG, and MARGET
EGAN,

               Defendants.

20-cv-9485 (JGK)

ORDER

---

JOHN G. KOELTL, District Judge:

The Court ordered the plaintiff to file a second amended complaint by August 27, 2021. ECF No. 9. While the plaintiff claims that he filed a second amended complaint, the docket sheet does not reflect that filing. On November 5, 2021, the Court extended the plaintiff's time to file the second amended complaint to December 6, 2021. ECF No. 10.

The Court is providing the plaintiff with another copy of the Order to Amend, together with a form to complete a second amended complaint. The time for the plaintiff to serve the second amended complaint is extended to **February 4, 2022**. If the plaintiff fails to file second amended complaint, this case may be dismissed for failure to prosecute.

The Clerk's Office is directed to mail a copy of this Order to the plaintiff's last known address and to note service on the docket sheet.


SO ORDERED.

Dated:      New York, New York
            December 21, 2021

                                         John G. Koeltl
                                  United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATTHEW KARELEFSKY,

                                Plaintiff,

            -against-                                    20-CV-9485 (JGK)

DEPARTMENT OF CORRECTIONS;                               ORDER TO AMEND
CYNTHIA BRANN; PATSY YANG;
MARGARET EGAN,

                                Defendants.

---

JOHN G. KOELTL, United States District Judge:

     Plaintiff, currently detained at the George R. Vierno Center, brings this *pro se* action

under 42 U.S.C. § 1983, alleging that Defendants are violating his federal constitutional rights by

not protecting him from contracting COVID-19. He originally filed this complaint with 49 other

detainees at the Vernon C. Bain Center ("VCBC"). The original complaint was assigned to Judge

George B. Daniels and opened under docket number 20-CV-8407; Judge Daniels referred the

matter to Magistrate Judge Aaron, who severed the plaintiffs' claims and directed that each

plaintiff's claims be opened as a separate action. *See Lee v. Brann*, ECF 1:20-CV-8407 (GBD)

(SDA) (S.D.N.Y.). This action is one of the newly opened actions.

     By order dated December 11, 2020, the Court granted Plaintiff's request to proceed

without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below,

the Court grants Plaintiff leave to file a second amended complaint within sixty days of the date

of this order.

## BACKGROUND

     In *Lee v. Brann*, 20-CV-8407, plaintiff Michael Lee initially sought to bring a class action

on behalf of himself and other VCBC detainees, including the plaintiff in this action, Matthew

Karelefsky. The plaintiffs sued the Commissioner of the New York City Department of

Correction, Cynthia Brann; "Health Director Commissioner" Patsy Yang; and Board of

Correction Executive Director Margaret Egan. The plaintiffs also may have intended to sue the

New York City Department of Correction (DOC).

In the original complaint, the plaintiffs alleged that they have been forced into unsafe

living conditions, including by being housed in units without appropriate capacity limitations to

allow for social distancing. (ECF No. 2 at 5.) Plaintiff alleges that inmates are less than 3-4

inches apart in sleeping areas and that 50 inmates share toilets, sinks, and showers. (*Id.*) Plaintiff

alleges that certain other detainees have contracted or been exposed to COVID-19 as a result of

these conditions. (*Id.* at 6.) Plaintiff seeks an improvement of conditions, including a reduction in

housing capacity; monetary damages; and the release of detainees who meet certain criteria. (*Id.*

at 6-7.)

On November 24, 2020, Lee filed an amended complaint in *Lee v. Brann*, which Plaintiff

also signed. ECF 1:20-CV-8407, 14. At Judge Aaron's direction, the amended complaint was

docketed in each of the severed actions, including this one. ECF 1:20-CV-8407, 19. The

amended complaint provides fewer details than the original complaint and does not specify how

Defendants specifically violated any of Plaintiff's constitutional rights.

## DISCUSSION

### A.      Department of Correction

In the original complaint and the amended complaint, Plaintiff includes DOC in the

caption of the complaint. Whether he intended to sue this agency is unclear, but in any event, the

claims against DOC must be dismissed because an agency of the City of New York is not an

entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the

recovery of penalties for the violation of any law shall be brought in the name of the city of New

York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

**B.     Remaining Defendants**

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

If Plaintiff was a pretrial detainee at the time of the events giving rise to his claims, the claims arise under the Due Process Clause of the Fourteenth Amendment. If he was a convicted prisoner, his claims arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Whether Plaintiff was a pretrial detainee or convicted prisoner, a plaintiff must satisfy two elements to state such a claim: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Darnell*, 849 F.3d at 29.

The objective element of a deliberate indifference claim is the same for pretrial detainees and convicted prisoners – "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison

official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the

Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate

of his basic human needs such as food, clothing, medical care, and safe and sanitary living

conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

The second element -- the "subjective" or "mental" element -- varies depending on

whether a plaintiff is a pretrial detainee or convicted prisoner. A convicted prisoner must allege

that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or

safety; the official must both [have been] aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the

inference." *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). A pretrial detainee must

allege "that the defendant-official acted intentionally to impose the alleged condition, or

recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the

pretrial detainee even though the defendant-official knew, or should have known, that the

condition posed an excessive risk to health or safety." *Id.* at 35. The mere negligence of a

correction official is not a basis for a claim of a federal constitutional violation under § 1983. *See*

*Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348

(1986).

Because the amended complaint does not contain sufficient facts to state a claim, the

Court directs Plaintiff to file a second amended complaint. Plaintiff's second amended pleading

should allege whether Plaintiff is a pretrial detainee, which housing unit(s) he is or has been

assigned to during the relevant time period, and the specific conditions within those units that he

contends violate his constitutional rights. For example, if Plaintiff asserts that Defendants failed

to comply with capacity restrictions or other precautionary measures intended to prevent the

spread of COVID-19, he should allege any facts suggesting that such failures resulted in a

substantial risk of serious harm to Plaintiff, and that Defendants were deliberately indifferent to

the risk of serious harm to his safety or health. If Plaintiff names individuals as defendants, he

must allege facts regarding their personal involvement in the alleged violations of his rights.

Further, if Plaintiff is seeking release as a remedy, he must include individualized allegations

regarding the basis for such relief.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of

claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each

claim against each defendant named in the amended complaint. The plaintiff should provide

sufficient detail as to each individual defendant (name, rank, place and time of employment, and

physical description) to allow that defendant to be identified for purposes of service To the

greatest extent possible, Plaintiff's amended complaint must:

    a) give the names and titles of all relevant persons;

    b) describe all relevant events, stating the facts that support Plaintiff's case including
       what each defendant did or failed to do;

    c) give the dates and times of each relevant event or, if not known, the approximate date
       and time of each relevant event;

    d) give the location where each relevant event occurred;

    e) describe how each defendant's acts or omissions violated Plaintiff's rights and
       describe the injuries Plaintiff suffered; and

    f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive
       relief, or declaratory relief.

Essentially, the body of Plaintiff's second amended complaint must tell the Court: who

violated his federally protected rights; what facts show that his federally protected rights were

violated; when such violation occurred; where such violation occurred; and why Plaintiff is

entitled to relief. Because Plaintiff's second amended complaint will completely replace, not supplement, the amended complaint, any facts or claims that Plaintiff wishes to maintain must be included in the second amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Second Amended Complaint," and label the document with docket number 20-CV-9485 (JGK). A Second Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses the "Department of Corrections" from the action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:     December 17, 2020
           New York, New York

                                            /s/ John G. Koeltl
                                          JOHN G. KOELTL
                                    United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____

_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.   The names listed in the above caption must be identical to those contained in Part I.   Addresses should not be included here.)*

_____ **Civ.** _____ (___)

**SECOND
AMENDED
COMPLAINT__**

Jury Trial: ☐ Yes     ☐ No
(check one)

**I.       Parties in this complaint:**

A.       List your name, address and telephone number.   If you are presently in custody, include your identification number and the name and address of your current place of confinement.   Do the same for any additional plaintiffs named.   Attach additional sheets of paper as necessary.

Plaintiff       Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

B.       List all defendants.   You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.   Include the address where each defendant may be served.   Make sure that the defendant(s) listed below are identical to those contained in the above caption.   Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                1

Defendant No. 1  Name _____

       Street Address _____

       County, City _____

       State & Zip Code _____

       Telephone Number _____

Defendant No. 2  Name _____

       Street Address _____

       County, City _____

       State & Zip Code _____

       Telephone Number _____

Defendant No. 3  Name _____

       Street Address _____

       County, City _____

       State & Zip Code _____

       Telephone Number _____

Defendant No. 4  Name _____

       Street Address _____

       County, City _____

       State & Zip Code _____

       Telephone Number _____

## II. Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction? *(check all that apply)*

  ☐ Federal Questions    ☐ Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

  _____

  _____

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

  Plaintiff(s) state(s) of citizenship _____

  Defendant(s) state(s) of citizenship _____

  _____

**III.     Statement of Claim:**

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.   Do not cite any cases or statutes.   If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.   Attach additional sheets of paper as necessary.

A.     Where did the events giving rise to your claim(s) occur? _____

_____

B.     What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.     Facts: _____

What
happened
to you?

_____

_____

_____

Who did
what?

_____

_____

_____

Was anyone
else
involved?

_____

_____

Who else
saw what
happened?

_____

_____

_____

**IV.     Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Mailing Address           _____

                          _____

                          _____

Telephone Number          _____

Fax Number *(if you have one)*  _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____

Inmate Number             _____