UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATTHEW KARELEFSKY,

                          Plaintiff,             20-cv-9485 (JGK)

        - against -                ORDER

CYNTHANIA BRANN, PATSY YANG, and
MARGET EGAN,

                       Defendants.

---

JOHN G. KOELTL, District Judge:

The plaintiff, who is currently incarcerated at Rikers Island, brought this pro se action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated. By order dated December 11, 2020, the Court granted the plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").[1]

**I.**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. See 28 U.S.C. § 1915(b)(1).

1915(e)(2)(B), 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," Triestman v. Fed Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).[2] But the "special solicitude" in pro se cases, id. at 475, has its limits — to state a claim, pro se pleadings still must comply with Federal Rule of Civil Procedure 8, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Federal Rule of Civil Procedure 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

[2] Unless otherwise noted, this Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. Id. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief. Id. at 678-79.

## II.

The plaintiff originally filed this complaint with 49 other detainees at the Vernon C. Bain Center ("VCBC"). The original complaint alleged that the plaintiffs had been forced into unsafe living conditions, including by being housed in units without appropriate capacity limitations to allow for social distancing. See ECF No. 2. The plaintiffs alleged that certain other detainees had contracted or been exposed to COVID-19 as a result of these conditions. Id. at 6. The plaintiffs sought an improvement of conditions, including a reduction in housing capacity; monetary damages; and the release of detainees who met certain criteria. Id. at 6-7.

The original complaint was assigned to Judge George B. Daniels and opened under docket number 20-cv-8407. On October 29, 2020, Judge Daniels referred the matter to Magistrate Judge Aaron, who, in an order dated November 9, 2020, severed the

plaintiffs' claims and directed that each plaintiff's claims be
opened as a separate action. See Lee v. Brann, No. 20-cv-8407,
ECF Nos. 6-7 (S.D.N.Y. filed Oct. 7, 2020). This action is one
of the newly opened actions.

On November 24, 2020, Lee filed an amended complaint in Lee
v. Brann, which the plaintiff signed. Id., ECF No. 14. At Judge
Aaron's direction, the amended complaint was docketed in each of
the severed actions, including this one. Id., ECF No. 19. The
amended complaint provided fewer details than the original
complaint and did not specify how the defendants specifically
violated any of the plaintiff's constitutional rights.
Accordingly, on December 17, 2020, this Court issued a sua
sponte order explaining that the plaintiff had failed to state a
claim upon which relief could be granted and granting the
plaintiff leave to amend his complaint to detail his claims. ECF
No. 8.

The plaintiff filed the second amended complaint on January
25, 2022. ECF No. 12. In it, the plaintiff alleges that he has
been denied adequate mental health treatment and other medical
care, including the use of a "C PAP machine to sleep" and the
ability to see and contact doctors inside the jail, id. at 2-3,
5, 11; has been detained in unconstitutional conditions of
confinement, id. at 2; and has been unconstitutionally deprived
of his right to communicate with individuals outside of prison,

including an attorney, the media, members of the clergy, doctors, and this Court, as a result of a "court gag order" issued by a New York State judge and the actions of DOC personnel, id. at 3-5. The plaintiff also requests release from custody and seeks a transfer to a psychiatric hospital. Id. at 2, 9.

### III.

### A.

The plaintiff's second amended complaint contains serious allegations. However, the plaintiff fails to specify who the defendants are in this case. To the extent that the plaintiff continues to bring claims against the defendants named in the original complaint — specifically, the Commissioner of the New York City Department of Correction, Cynthia Brann; "Health Director Commissioner," Patsy Yang; Board of Correction Executive Director, Margaret Egan; and the New York City Department of Correction (the "DOC") — the plaintiff's claims fail to state a claim upon which relief may be granted. First, as this Court explained in its December 17, 2020 Order, ECF No. 8, the DOC, as an agency of the City of New York, is not an entity that can be sued. See N.Y.C. Charter § 396. Second, an individual defendant may not be held liable under 18 U.S.C. § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. See Iqbal, 556 U.S.

at 676. Rather, "[t]o hold a state official liable under § 1983,
a plaintiff must plead and prove the elements of the underlying
constitutional violation directly against the official."
Tangreti v. Bachmann, 983 F.3d 609, 620 (2d Cir. 2020). And, in
this case, there are no facts demonstrating that each of the
individual defendants were personally involved in the events
underlying the plaintiff's claims. This is fatal to the
plaintiff's claims. See Dove v. Fordham Univ., 56 F. Supp. 2d
330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a
defendant in the caption but contains no allegations indicating
exactly how the defendant violated the law or injured the
plaintiff, a motion to dismiss the complaint in regard to that
defendant should be granted."), aff'd sub nom. Dove v. O'Hare,
210 F.3d 354 (2d Cir. 2000). The plaintiff is advised that, to
the extent he seeks to brings claims against these or other
individual defendants, he must identify those individuals with
sufficient specificity,[3] and must state facts in his complaint
showing how each of the defendants were personally involved in
the alleged unlawful acts against the plaintiff.

**B.**

Some of the plaintiff's claims fail to state a claim for
the additional reason that they seek this Court's intervention

---

[3] A defendant may be identified as: "Correction Officer John Doe #1 on duty
August 31, 2010, at the Sullivan Correctional Facility clinic, during the 7
a.m. to 3 p.m. shift."

in a state criminal action that appears to be pending. In
Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held
that a federal court may not generally intervene in a pending
state-court criminal proceeding. See Heicklen v. Morgenthau, 378
F. App'x 1, 2 (2d Cir. 2010) (summary order). Younger abstention
is required when: (1) there is an ongoing state proceeding; (2)
that implicates an important state interest; and (3) the state
proceeding affords the federal plaintiff an adequate opportunity
for judicial review of his or her federal constitutional claim.
Diamond "D" Const. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir.
2002). However, a federal court may nevertheless intervene in a
state proceeding "upon a showing of bad faith, harassment or any
other unusual circumstance that would call for equitable
relief." Id.

In this case, because the plaintiff does not assert any
facts suggesting bad faith, harassment, or irreparable injury
that is both serious and immediate, the Court declines to
intervene in the plaintiff's ongoing criminal matter based on
the facts pleaded in the second amended complaint. The plaintiff
is advised that, if the plaintiff seeks his release, or is
challenging the constitutionality of his conviction, he may file
a petition for habeas corpus relief under 28 U.S.C. § 2254 after

7

exhausting his available state-court remedies. See 28 U.S.C. §
2254(b)(1)(A).[4]

## IV.

The plaintiff is granted leave to replead his claims in a
third amended complaint. The plaintiff is advised that this
amended complaint should include a clear and concise account of
the facts giving rise to these claims. The plaintiff should
provide sufficient detail as to each individual defendant (e.g.,
name, rank, place and time of employment, and physical
description) to allow that defendant to be identified for
purposes of service. To the greatest extent possible, the
plaintiff's amended complaint must:

(a) give the names and titles of all relevant persons;

(b) describe all relevant events, stating the facts that
support the plaintiff's case, including what each defendant
did or failed to do;

(c) give the dates and times of each relevant event or, if
not known, the approximate date and time of each relevant
event;

---

[4] A prisoner seeking habeas relief under section 2254 must generally file a
petition within one year from the latest of four benchmark dates: (1) when
the judgment of conviction becomes final; (2) when a government-created
impediment to making such a motion is removed; (3) when the constitutional
right asserted is initially recognized by the Supreme Court, if it has been
made retroactively available to cases on collateral review; or (4) when the
facts supporting the claim(s) could have been discovered through the exercise
of due diligence. See 28 U.S.C. § 2244(d)(1)-(2).

(d) give the location where each relevant event occurred;

(e) describe how each defendant's acts or omissions violated the plaintiff's rights and describe the injuries that the plaintiff suffered; and

(f) state what relief the plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of the plaintiff's third amended complaint must tell the Court who violated his federally protected rights, what facts show that his federally protected rights were violated, when such violation occurred, where such violation occurred, and why the plaintiff is entitled to relief. Because the plaintiff's third amended complaint will completely replace, not supplement, the plaintiff's previous complaints, any facts or claims that the plaintiff wishes to maintain must be included in the third amended complaint.

**CONCLUSION**

The plaintiff's second amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The plaintiff must submit the third amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this Order, caption the document as a "Third Amended Complaint," and label the document with docket number 20-cv-9485 (JGK). A

Third Amended Complaint form is attached to this Order. The
plaintiff is advised to utilize this form.

No summons will issue at this time.

If the plaintiff fails to comply within the time allowed,
and he cannot show good cause to excuse such failure, the third
amended complaint will be dismissed for failure to state a claim
upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any
appeal from this Order would not be taken in good faith, and
therefore IFP status is denied for the purpose of an appeal. Cf.
Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding
that an appellant demonstrates good faith when he seeks review
of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this Order
to the plaintiff and to note service on the docket. The
plaintiff's current address is:

> Matthew Karelefsky
> Anna M. Kross Center (AMKC)
> 16-06 Hazen Street
> East Elmhurst, New York
> 11370

**SO ORDERED.**

**Dated:      New York, New York
        March 1, 2022**

John G. Koeltl
United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

## THIRD AMENDED
## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name            Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                  Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☐  Convicted and sentenced prisoner

☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: